Shtrauch v. Dowd

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand sixteen.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges,*
> J. GARVAN MURTHA,[*]
> > *District Judge.*

_____

MOSHE SHTRAUCH**,**

> *Plaintiff-Appellant***,**

> **v.**                                               **15-2727**

KEVIN M. DOWD, Individually and as the administrator of the Supreme Court building in Norwich, NY,

> *Defendant-Appellee***.**

_____

**FOR PETITIONER-APPELLANT:**    MOSHE SHTRAUCH, pro se, Mount Upton, NY.

---

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

**FOR DEFENDANT-APPELLEE:** JONATHAN D. HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General and Andrew B. Ayers, Senior Assistant Solicitor General, *on the brief*), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Moshe Shtrauch, proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint asserting that Kevin Dowd, a New York state justice, violated his First, Fourth, Fifth, and Fourteenth Amendment rights as barred by judicial immunity.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Additionally, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.

---

[1] Shtrauch also moves to supplement the record on appeal to include the transcript of a state court proceeding. "[A]bsent extraordinary circumstances, federal appellate courts will not consider . . . evidence which [is] not part of the [district court] record." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). Nevertheless, because it is undisputed that the transcript is accurate, the inclusion of the transcript does not affect the merits of the case, and we have necessarily reviewed the transcript in the course of deciding the motion, the motion is granted.

2

§ 1983. "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.'" *Bliven*, 579 F.3d at 209, quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, judicial immunity does not bar a claim for prospective injunctive and declaratory relief. *Cf. Pulliam v. Allen*, 466 U.S. 522, 541-43 (1984).

We employ "a 'functional' approach" to determine whether an act is "judicial" because judicial "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 224, 227 (1988) (emphasis in original). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature," *Bliven*, 579 F.3d at 210, whereas, "[a]dministrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts," *Forrester*, 484 U.S. at 228. This Court looks to state law to "inform [the] inquiry as to whether [judges] acted . . . in their judicial capacities." *Huminski v. Corsones*, 396 F.3d 53, 76 (2d Cir. 2005).

Dowd was entitled to judicial immunity because the act underlying Shtrauch's claims – the removal of Shtrauch from the courthouse – was a function typically performed by a judge in his judicial capacity and in relation to an individual case. *See* 22 N.Y.C.R.R.

3

§ 100.3(B)(2) (providing that a judge in New York "shall require order and decorum in proceedings before" him); *People v. Knowles*, 88 N.Y.2d 763, 766 (1996) (stating that judges in New York "possess inherent authority" to control the conduct of the trial before them); *see also Huminski*, 396 F.3d at 79 (concluding that defendant was entitled to judicial immunity for barring litigant from courthouse because she "acted pursuant to Vermont law in ensuring the security of the courthouse").   Moreover, in this case, Dowd ordered Shtrauch removed based on Dowd's perception – right or wrong – that Shtrauch had behaved improperly during a conference in a case pending before him.   Whether Shtrauch is correct in asserting that he did not violate decorum is irrelevant to the question of immunity; by definition, immunity protects wrongful as well as appropriate exercises of a judicial function.   *See Stump*, 435 U.S. at 359.

Shtrauch argues that Dowd is not entitled to judicial immunity because Dowd recused himself from Shtrauch's divorce proceedings prior to ordering that Shtrauch be removed from the courthouse.   Dowd's recusal from Shtrauch's case, however, does not alter the functional analysis of the underlying act.   The removal of a litigant from a courtroom remains conduct typically performed by a judge in his judicial capacity arising directly from an individual case before the judge.   The judge's decision to grant a recusal motion does not deprive the judge of authority to address perceived misbehavior during the proceeding on that motion.

Shtrauch is not entitled to injunctive relief because he "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief."   *See*

4

*Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).   Nor is Shtrauch entitled to declaratory relief because he alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law.   *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) (concluding that relief sought was not prospective where the "specific allegations target[ed] past conduct" and the "remedy [was] not intended to halt a present, continuing violation of federal law").

We have considered all of Shtrauch's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5